Curia, per

Harper, Ch.
The Act of Assembly of 1784, .establishing a Court of Chancery, (P. L. 338,) provides that, “If in any suit in the said Court, a defendant, against whom .a process shall issue, shall cause an appearance to be entered thereupon, as it ought to have been if such procees had been duly served, and affidavit shall be made, to the satisfaction of the court, that such defendant is without the limits of this ¡State, or that, on enquiry at his or her usual place of abode, he or she could not be found to be served with such process,” .the court may direct advertisement to be made, and decree .upon default of appearance; provided that if, within a time limited, the party shall petition for the purpose and pay costs, he may he admitted to make his defence. It is contended .that .the .second rule of court referred to in the circuit decree., is repugnant tp this Act. But we must suppose the court to have given construction to the Act in adopting the rule, a construction which has been acted upon ever since, by which the rights of numerous parties have been fixed, and on which they may still depend, and from which we are not at liberty to depart, whatever might be our opinion of its correctness. The Act prescribes no method of service, though certainly the only method of service previously known, was that of personal service. The rule probably regarded the leaving of a copjr of the subpoena at the residence, when the party is within the State, as equivalent to personal service. And sp *56 indeed it is, if, as is to be presumed, the defendant returns to his house in due time and actually receives the subpoena. If, however, the defendant should by any accident be prevented from returning- till decree passed, or if the copy. should be accidentally-taken away, so as not to be received by him, there is no doubt but that it would be within the discretion of the court to allow him to appear and defend the suit. The court would not make its own rule the instrument of injustice. And the court might impose terms, if it should appear that the defendant’s failing to receive the copy was occasioned by his own neglect or otherwise. But there may be cases in which, though the defendant should not be actually within the Stale, at the time of Service, he would seem to come within the reason and spirit of the rule and the analogy of the cases at law. Suppose the defendant, generally residing in the State, to have accidentally gone on the particular day of service beyond the limits of the State, as is put in the case of Lark vs. Chappell, and to return to his house the next day and actually to receive the copy of the subpoena. Here he would have all the benefit of a personal service, and it would be trifling with'the law to say that he might lie by, permit the other party to obtain his decree, and then at any distance of time, set aside the proceedings as not having been a party to the suit. And if we suppose him thus to have received the subpoena, it would hardly avail him to say he had afterwards forgotten it, any more than in the case of personal service. And so in this case, if the defendant had actually received the subpoena on his return from New York, in ample time to make his defence. He did not actually receive it, but according to the view taken in the circuit court, he was in substance and effect informed of it. If he after-wards suffered the matter to escape his memory he was guilty pf neglect; perhaps not so gross as if he had been personally *57 served or actually received the subpoena. The court does not perceive sufficient grou.nds for setting aside the proceedings altogether, nor indeed does the defendant ask for it. As there was some irregularity in the manner of service, as well as neglect on his part, they suppose it to be within their ,discretion to allow him' to appear and defend, but think this must be upon payment of costs.
Bailey, for the motion. Yeadon, contra.
It is therefore ordered that, upon the payment of costs, the decree of the Circuit Court, entered on the 28th day of January, 1839, directing the payment of $1000 by the defendant, Thomas J. Roger, be set aside, and the said defendant be allowed to plead, answer, or demur.
Johnson, Johnston and Dunici'n, Ch., concurred.